Filed 1/27/25  E.B. v. V.L. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| E.B.,<br><br>    Appellant,<br><br>    v.<br><br>V.L.,<br><br>    Respondent;<br><br>MONTEREY COUNTY DEPARTMENT<br>OF CHILD SUPPORT SERVICES,<br><br>    Intervener and Respondent. | H051904<br>(Monterey County<br> Super. Ct. No. 23PT000213) |

E.B. appeals from a judgment declaring him and V.L. the parents of M. and O. (two minors) and, among other terms, requiring him to pay child support to the Monterey County Department of Child Support Services (the Department).  Identifying no error, we will affirm.

## I.    BACKGROUND

In July 2023, E.B. apparently filed a petition to determine parental relationship using Judicial Council form FL-200, naming V.L. as the respondent.[1]  The Department

---

[1] The limited record E.B. designated on appeal does not include the petition.  But, in its statement of decision, the trial court quoted text from the petition indicating that E.B. used the Judicial Council form alerting him to the possibility that " '[t]he court may make orders for support of the children and issue an earnings assignment without further

intervened because V.L. had assigned it her support rights to secure public assistance for the children.

That December the Department moved for a judgment (1) establishing that E.B. is the parent of M. and O.; (2) requiring E.B. to pay $671 per month in child support, commencing July 26, 2023; and (3) requiring E.B. and V.L. to equally share childcare costs and uncovered medical, dental, and/or optical costs for the children. The Department submitted a declaration of paternity for one of the children and a voluntary declaration of parentage for the other, both of which identified E.B. as the father.[2]

In a document he captioned as an affidavit of special appearance not general appearance, E.B. announced that he would appear for the hearing on the Department's motion "under THREAT, DURESS, and COERCION." He included a lengthy objection to the proceeding. His main contentions appear to have been that (1) the superior court was without power to order child support, either because it lacked jurisdiction to do so or because ordering child support is necessarily a deprivation of due process and a violation of equal protection; and (2) he contested the Department's proof of parentage, and in any event contended that a paternity test (to which he would not submit), or perhaps some other "competent or expert witness testimony," was required.

The trial court heard the motion with E.B., V.L., and the Department present. On appeal, E.B. elected to proceed without a record of the oral proceedings. In his appellate brief, E.B. indicates that the trial court attempted to elicit testimony from him during the hearing, but E.B. objected and refused to answer unspecified questions he believed were irrelevant.

_____

notice to either party.' " We take some contextual background from the statement of decision.

[2] E.B.'s surname is slightly misspelled on one of the forms, but his birth date, first name, and middle name are the same on both forms.

2

In a written statement of decision, the trial court ruled that (1) it had subject matter jurisdiction over the case and personal jurisdiction over E.B.; (2) the Department's role in the proceedings was proper; (3) E.B.'s claim of constitutional violations were unsubstantiated and he had ample opportunity to respond to the motion and submit evidence; (4) parentage was properly at issue and the Department's evidence established E.B.'s parentage; and (5) E.B. was to pay $671 per month in child support beginning July 26, 2023. E.B. filed a notice of appeal.

The trial court thereafter entered a judgment that declared E.B. the parent of M. and O. and required him to pay a combined total of $671 for child support to the Department effective July 26, 2023. The judgment also allocated responsibility for healthcare expenses. We deemed E.B.'s notice of appeal filed on the date of judgment.

## II.    DISCUSSION

"Child support awards are reviewed for abuse of discretion." (*Y.R. v. A.F.* (2017) 9 Cal.App.5th 974, 982 (*Y.R.*).) But because " 'California has a strong public policy in favor of adequate child support,' . . . ' "determination of a child support obligation is a highly regulated area of the law," ' and . . . ' "the only discretion a trial court possesses is the discretion provided by statute or rule." ' " (*Id.* at p. 983.)

As in any appeal, the trial court's order is presumed correct. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) E.B. must overcome the presumption by demonstrating error on the record before us. (*Id.* at p. 609.) As a self-represented litigant, he "is entitled to the same, but no greater, consideration than other litigants and attorneys" and "is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639.) These rules of procedure require, among other things, organizing one's brief into separate points and supporting each point with reasoned argument, authority, and record citations. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).) Although as a matter of discretion we will "consider arguments for which we can discern a legal or factual

3

basis in the briefs," we will neither " 'make other arguments for' " an appellant nor " 'speculate about which issues [appellant] intend[ed] to raise.' " (*Ibid.*)

With those principles in mind, we turn to E.B.'s appellate contentions. E.B. asserts that the trial court denied him "procedural fairness and due process" (some capitalization omitted) and abused its discretion by considering "matters irrelevant to [E.B.'s] concerns," including child custody matters. None of his appellate contentions are supported by the record.

It is unclear what procedural unfairness E.B. is claiming on appeal, but the limited record he has supplied discloses none. "The essence of procedural due process is notice and an opportunity to respond." (*Gilbert v. City of Sunnyvale* (2005) 130 Cal.App.4th 1264, 1279.) E.B. does not dispute that he had adequate notice. E.B. was present at the hearing[3] and was, as he explains in his appellate brief, given an opportunity to respond. Indeed E.B. represents that he "consistently" told the court, " 'I have no interest in [the court's] question and I do not consent.' " E.B. identifies no argument the trial court failed to address: His brief does not acknowledge the statement of decision, in which the court identifies and responds to a series of arguments it attributed to E.B. Save for his unilateral refusal to answer questions he deemed irrelevant, he has supplied no reason to doubt that his opportunity to be heard was adequate. So we are left with the contention that the trial court violated E.B.'s due process by proceeding with the hearing in the face of E.B.'s refusal to answer questions. That contention is meritless.

As for E.B.'s contention that the trial court erred by considering irrelevant matters, the only specific matter E.B. identifies is child custody, and we discern no error in the trial court's consideration of the parents' timeshare. E.B. elaborates that the trial court

---

[3] E.B. represents that he appeared at the hearing and "made it clear that he was present 'by special appearance and [in] propria persona,' stating for the record, 'I reserve all my rights and waive none.' " But nothing in the record or in his appellate briefing identifies any defect in the trial court's exercise of personal jurisdiction.

violated Family Code section 4053 by failing "to properly separate child support and custody matters" in a way that "created confusion and led to an improper judgment." But "each parent's . . . level of responsibility for the children" is relevant to the child support assessment. (Fam. Code, § 4053, subd. (c).) "The ' "statewide uniform guideline" [under section 4055] determin[es] child support according to a complex formula based on each parent's income and custodial time with the child.' " (*S.P. v. F.G.* (2016) 4 Cal.App.5th 921, 930, fn. omitted.) The Department submitted evidence that E.B. was the noncustodial parent and did not visit the children. The trial court calculated E.B.'s child support obligation using the guidelines, treating E.B. as the noncustodial parent, and applied the low end of the guideline range it calculated. (See *ibid*. [" 'The term "guideline" . . . is a euphemism' [citation] because the amount generated by the guideline formula is presumptively correct"]; see also *Y.R.*, *supra*, 9 Cal.App.5th at p. 983.) Nothing in the decision or judgment purports to address any custody dispute or regulate the parties' custodial time.[4] And without a record of oral proceedings or clear argument from E.B., we will not speculate what other topics E.B. viewed as irrelevant. (See *Jameson*, *supra*, 5 Cal.5th at pp. 608–609; *United Grand*, *supra*, 36 Cal.App.5th at p. 153.) E.B. has not shown that the trial court abused its discretion by considering irrelevant issues.

## III.   DISPOSITION

The judgment is affirmed.

---

[4] The limited record available to us does not divulge a custody dispute of any kind. Rather, E.B.'s briefing in the trial court focused on disputing parentage and the trial court's authority to award child support.

_____

LIE, J.

WE CONCUR:

_____

DANNER, Acting P. J.

_____

BROMBERG, J.

*E.B. v. V.L.*
H051904